IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CHAD GLOW,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNION PACIFIC RAILROAD COMPANY and HOWARD REDMOND,<br><br>　　　　Defendants.<br>_____/<br>AND RELATED COUNTERCLAIM<br>_____/ | No. C-05-01933 MMC<br><br>**ORDER DENYING DEFENDANT UNION PACIFIC RAILROAD COMPANY'S MOTION FOR SUMMARY JUDGMENT; VACATING HEARING**<br><br>(Docket No. 36) |

　　　Before the Court is defendant Union Pacific Railroad Company's ("Union Pacific") motion for summary judgment, filed September 15, 2006. Plaintiff David Chad Glow ("Glow") has filed opposition to the motion; Union Pacific has filed a reply. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for resolution without oral argument, see Civil L. R. 7-1(b), hereby VACATES the October 20, 2006 hearing, and rules as follows:

　　　1. A triable issue of material fact has been raised as to whether Union Pacific is liable under the Federal Employers' Liability Act ("FELA") on a respondeat superior theory for the alleged assault by its employee, Howard Redmond ("Redmond"), upon Glow. See

Mullahon v. Union Pacific Railroad, 64 F.3d 1358, 1362 (9th Cir. 1995) ("Under the theory of respondeat superior, an employer is liable for the intentional assaults committed by its employee in furtherance of the employer's business."). In particular, a triable issue exists as to whether Redmond was acting in furtherance of Union Pacific's business by endeavoring to prevent Glow from taking control of the locomotive and thus arguably putting Redmond's safety at risk. See, e.g., Taylor v. Burlington Northern Railroad Co., 787 F.2d 1309, 1313, 1315 (9th Cir. 1986) (finding jury issue on respondeat superior theory where supervisor "harass[ed] and mistreat[ed]" plaintiff, "used sexual and . . . racial epithets" against him and "threatened him with a knife," but testified such treatment was necessary to address plaintiff's poor work habits); Randolph Decl. Ex. D (Redmond Dep.) at 38:9-21; Randolph Decl. Ex. B (Glow Dep.) at 85:2-86:11.

2. A triable issue of material fact has been raised as to whether Union Pacific is liable under a theory of direct negligence based on its asserted failure to act on a report of a prior threat of violence by Redmond against another employee. See Rogers v. Missouri Pacific Railroad Co., 352 U.S. 500, 506 (1957) (holding employer is liable under FELA if "employer negligence played any part, even the slightest, in producing the injury . . . for which damages are sought"); Mullahon, 64 F.3d at 1362 ("Under the theory of direct negligence, an employer is liable if it fails to prevent reasonably foreseeable danger to an employee from intentional or criminal misconduct."). Specifically, a triable issue is raised as to whether Union Pacific negligently failed to act upon a report by Dennis Reeves of a prior threat of violence by Redmond, and whether such failure to act created a reasonably foreseeable danger to Union Pacific's employees and played a part in causing Glow's injury. (See Reeves Decl. ¶¶ 7-10.)[1]

3. A triable issue of material fact has been raised as to whether Union Pacific is liable on a direct negligence theory as a result of the asserted negligence of its employees

---

[1] Union Pacific's objections to the cited portions of the Reeves declaration, on the basis of lack of foundation, lack of relevance, improper character evidence, improper opinion testimony, and inadmissible hearsay, are hereby overruled.

1 Kurt Berg and Cody Dickinson in failing to report Redmond's prior misconduct, in violation
2 of Union Pacific rules.  See Mullahon, 64 F.3d at 1360 (finding jury issue as to employer's
3 liability under FELA on direct negligence theory where non-managerial employee failed, in
4 violation of company rules, to report assailant's prior violation of company rules, thus
5 arguably foreclosing timely intervention); see, e.g., Berg Decl. ¶ 3; Dickinson Decl. ¶¶ 2-4;[2]
6 Pl.'s Req. for Judicial Notice ¶ 5 and Ex. 1 at 11, 14-15 (Union Pacific's General Code of
7 Operating Rules requiring employees to (1) report any violation of rules to supervisor and
8 (2) not be "quarrelsome," "discourteous," or "enter into altercations with each other").

Accordingly, Union Pacific's motion for summary judgment is hereby DENIED.

**IT IS SO ORDERED.**

Dated: October 17, 2006

*[signature]*
MAXINE M. CHESNEY
United States District Judge

---

[2] Union Pacific's objections to the cited portions of the Berg and Dickinson declarations, on the basis of lack of foundation, lack of relevance, improper character evidence, improper opinion testimony, and inadmissible hearsay, are hereby overruled.